**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ST. JOHN'S UNIVERSITY,<br><br>     Plaintiff,<br><br>  v.<br><br>TIMOTHY CONNICK, BARBARA DEINHARDT, ROSEMARY TOWNLEY, LAURA DELANEY, and JOSEPH O'DONNELL in their capacity as Officials of the New York State Public Employment Relations Board, and the NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD,<br><br>     Defendants. | No. 1:26-cv-03280 (FB)(JRC) |

**MEMORANDUM OF LAW IN SUPPORT OF**
**UNOPPOSED MOTION TO INTERVENE**

GLADSTEIN, REIF & MEGINNISS LLP
39 Broadway, Suite 2430
New York, NY 10006
khansen@grmny.com
khirozawa@grmny.com
(212) 228-7727

Attorneys for Proposed Intervenors
The St. John's Chapter of the American
Association of University Professors and the
Faculty Association at St. John's University

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES.................................................................................................i

INTRODUCTION ............................................................................................................ 1

BACKGROUND .............................................................................................................. 2

ARGUMENT ................................................................................................................... 4

    I.    The Unions are entitled to intervene as of right................................................. 4

        A.    The AAUP-FA's motion is timely............................................................... 5

        B.    The Unions have legally protectable interests in this action. ...................... 6

        C.    The Court's disposition of this action may impair the Unions' ability to protect their interests. ......................................................................................................... 8

        D.    The existing parties may not adequately protect the Unions' interests. ....... 9

    II.    Alternatively, permissive intervention should be granted.................................. 10

CONCLUSION............................................................................................................... 12

## TABLE OF AUTHORITIES

**Cases**

*A.H. by E.H. v. New York State Dep't of Health*, 147 F.4th 270 (2d Cir. 2025)......................... 5, 10

*Amazon.com Servs. LLC v. New York State Pub. Emp. Rels. Bd.*, No. 25-cv-5311 (EK), Docket Order, Oct. 22, 2025 ................................................................................................ 7

*Automobile Workers v. Brock,* 477 U.S. 274 (1986)......................................................... 8

*Bldg. & Realty Inst. of Westchester & Putnam Cntys., Inc. v. State of N.Y.,* 2020 WL 5658703 (S.D.N.Y. Sept. 23, 2020) ................................................................................ 6, 12

*Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123 (2d Cir. 2001)....................................... 6, 9

*Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171 (2d Cir. 2001)...................... 9

*Californians For Safe & Competitive Dump Truck Transp. v. Mendonca*, 152 F.3d 1184 (9th Cir. 1998)................................................................................................................. 10

*City of Syracuse, NY v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 2021 WL 1051625 (S.D.N.Y. Mar. 19, 2021) ................................................................................ 8

*Extenet Sys., LLC v. Vill. of Kings Point*, 2023 WL 4044076 (2d Cir. June 16, 2023)..................11

*Field Day, LLC v. Cnty. of Suffolk*, 463 F.3d 167 (2d Cir. 2006)................................... 12

*Friends of E. Hampton Airport, Inc. v. FAA*, 2016 WL 792411 (E.D.N.Y. Feb. 29, 2016) ............ 6

*Golden Gate Rest. Ass'n v. City & Cnty. of San Francisco*, 2007 WL 1052820 (N.D. Cal. Apr. 5, 2007) .................................................................................................................. 10

*Golden Gate Rest. Ass'n v. City & County of San Francisco*, 512 F.3d 1112 (9th Cir. 2008) ................................................................................................................................ 7

*Hamilton Rsrv. Bank Ltd. v. Democratic Socialist Republic of Sri Lanka*, 134 F.4th 73 (2d Cir. 2025) ...................................................................................................................... 6

*Hum. Servs. Council of New York v. City of New York*, 2022 WL 4585815 (S.D.N.Y. Sept. 29, 2022) ....................................................................................................................11, 12

*In re Bank of New York Derivative Litig.*, 320 F.3d 291 (2d Cir. 2003) .........................11

*In re Enf't Of Philippine Forfeiture Judgment*, 153 F.4th 142 (2d Cir. 2025).............. 9

*In re New York City Policing,* 27 F. 4th 792 (2d Cir. 2022)................................... 7, 8, 9

*Int'l Design Concepts, LLC v. Saks, Inc.*, 486 F. Supp. 2d 229 (S.D.N.Y. 2007).........11

*Kamdem-Ouaffo v. Pepsico, Inc.*, 314 F.R.D. 130 (S.D.N.Y. 2016) ................................................ 5

*New York Public Interest Research Group, Inc. v. Regents of the University of the State of New York,* 516 F.2d 350 (2d Cir. 1975) .................................................................... 6, 10

*New Yorkers for Religious Liberty, Inc. v. City of New York*, 125 F.4th 319 (2d Cir. 2025) ......... 12

*Trbovich v. United Mine Workers*, 404 U.S. 528 (1972) ................................................. 10

*U. S. Postal Serv. v. Brennan*, 579 F.2d 188 (2d Cir. 1978) ............................................... 11

**Statutes**

N.Y. Civ. Serv. Law § 205(5) ......................................................................................... 4, 11

NYLL § 700 *et seq.* ....................................................................................................... 3

NYLL § 701 ................................................................................................................... 3

NYLL § 701(3) .............................................................................................................. 11

NYLL § 703 ................................................................................................................... 5

NYLL § 704(1) .............................................................................................................. 5

NYLL § 704 (6) ............................................................................................................. 5

NYLL § 704 (10) ........................................................................................................... 5

NYLL § 717 ................................................................................................................... 4

NYLL § 718 ................................................................................................................... 3

**Other Authorities**

1991 N.Y. Sess. Law News, Ch. 166 (S. 6079, A. 8491) §§ 245, 248-a, 250, 253 ................... 1, 2

2010 N.Y. Sess. Law News, Ch. 56 (A. 9706-C) § 8 ............................................................ 2

**Rules**

Fed. R. Civ. P. 12 ......................................................................................................... 5

Fed. R. Civ. P. 24 ......................................................................................................... 8

Fed. R. Civ. P. 24(a) ...........................................................................................1, 4, 5, 9, 11

Fed. R. Civ. P. 24(a)(2) .................................................................................................. 6, 8, 11

Fed. R. Civ. P. 24(b) ..................................................................................................... 2, 4, 10, 11

Fed. R. Civ. P. 24(b)(1)(B) ................................................................................................ 10

Fed. R. Civ. P. 24(b)(2) .....................................................................................................11

Fed. R. Civ. P. 24(b)(3) .....................................................................................................11

Fed. R. Civ. P. 26(f) .......................................................................................................... 5

**INTRODUCTION**

For more than fifty years, the St. John's Chapter of the American Association of University Professors and the Faculty Association at St. John's University (together "the Unions" or "the AAUP-FA") have served as the certified bargaining representative of St. John's University ("SJU") faculty, bargaining a succession of collective bargaining agreements ("CBAs"). On February 19, 2026, however, SJU abruptly withdrew recognition of the Unions, declared the parties' most recent CBA no longer effective, and unilaterally implemented a series of changes to faculty terms and conditions of employment. On April 13, the AAUP-FA filed an unfair labor practice ("ULP") charge with the New York State Public Employment Relations Board ("PERB") pursuant to the New York State Employment Relations Act ("SERA").[1] On June 1, SJU sued PERB and several of its officials ("PERB Defendants") in this Court seeking a declaration that PERB's exercise of jurisdiction over SJU violates the First Amendment and preliminary and permanent injunctive relief barring PERB from enforcing SERA against the University.

The Unions and their members have much to lose. If this Court enjoins PERB from exercising jurisdiction over SJU, they will lose the protections of SERA, including their statutory rights to bargain collectively over wages, healthcare, and other terms and conditions of employment, and the statutory protections of their freedom of association and expression. The Unions are therefore entitled to intervene as of right under Federal Rule of Civil Procedure 24(a): Their unopposed motion is timely, they have legally protectable interests in the survival of their collective bargaining rights under SERA and their members' freedom to associate and express

---

[1] SERA was originally enacted in 1937 as the New York State Labor Relations Act ("SLRA") and codified as Article 20 of the New York Labor Law ("NYLL"). *See* NYLL § 700 *et seq.* In 1991, the statute was renamed as the New York State Employment Relations Act ("SERA"). 1991 N.Y. Sess. Laws, Ch. 166, § 251, *codified at* NYLL § 718.

themselves collectively, the outcome of this action may impair the Unions' interests, and neither party will adequately protect those interests. In the alternative, the Court should grant permissive intervention under Rule 24(b): The Unions' defense shares a common question of law with this action and their party status will aid the Court in developing a complete factual record and adjudicating all relevant legal issues without delaying or prejudicing any party.

## BACKGROUND

On April 22, 1970, the AAUP-FA were jointly certified by the New York State Labor Relations Board[2] as the collective bargaining representative of "all full time and regular part time members of the faculty, including but not limited to professional librarians, lecturers, instructors, assistant professors, associate professors, professors, laboratory instructors and research associates" employed by SJU. *See* ECF 6, Shannon Decl. ¶¶ 6–7 & Ex. A. The Unions and SJU reached a first CBA on July 1, 1970. *See id.* ¶ 8. And in the last fifty-six years, the AAUP-FA and SJU have bargained over and agreed to numerous CBAs governing the terms and conditions of employment for bargaining unit faculty, the most recent of which was effective July 1, 2022 through June 30, 2025. *See id.* ¶¶ 8, 10 & Ex. B; *see also* Hansen Decl. ¶ 6 & Ex. A ("PERB Charge Rider") ¶ 2.

The parties commenced negotiations over a successor agreement in the spring of 2025, before the most recent contract expired, and those negotiations continued through December 10, 2025. *See* PERB Charge Rider ¶¶ 4–12. Between December 10, 2025, and February 3, 2026, the AAUP-FA and SJU corresponded intermittently to schedule dates for a next bargaining session.

---

[2] The New York State Labor Relations Board ("SLRB") was created in 1937 to administer the SLRA. In 1991, the SLRB's functions were transferred to a new agency, the State Employment Relations Board ("SERB"), 1991 N.Y. Sess. Laws, Ch. 166 §§ 245, 250, 253; *see* NYLL § 717In 2010, the New York Legislature abolished SERB and transferred its functions to PERB. *See* 2010 Sess. Law News of N.Y. Ch. 56 (A. 9706-C) § 8; *see also* NYLL § 717; N.Y. Civ. Serv. Law § 205(5) (enumerating PERB's powers and duties, including administration of Article 20 of the NYLL).

*See id.* ¶¶ 13–14. On February 19, 2026, however, SJU withdrew recognition of the Unions as the collective bargaining representative of SJU faculty. *See* ECF 1, Compl. ¶ 219; ECF 6, Shannon Decl. ¶ 43 & Ex. K. On the same date, SJU President Rev. Brian J. Shanley, O.P., and Provost Simon G. Møller, Ph.D., sent an SJU internal communication by email declaring that the parties' collective bargaining agreement was "no longer effective" and announcing that it would implement unilateral changes to faculty terms and conditions of employment. *See* PERB Charge Rider ¶¶ 16–17.

Since February 19, and despite the Unions' repeated requests to bargain, the University has refused to recognize the Unions or to bargain in good faith. *Id.* ¶¶ 18–25. It has unilaterally imposed changes to terms and conditions of employment, including changes to salary, health insurance, and merit award funds, the imposition of a new Faculty Handbook, and the elimination of union release time. *Id.* ¶¶ 26–39. In addition, since February 19, the University has targeted and threatened Union members on multiple occasions for their participation in protests and other union activities and has placed Union members under surveillance. *Id.* ¶¶ 44–62.

On April 13, the AAUP-FA filed a ULP charge with PERB. *See* Compl. ¶ 228; Shannon Decl. ¶ 52 & Ex. O; *see generally* PERB Charge Rider. The April 13 ULP charge asserts that SJU violated SERA by repudiating the parties' CBA and implementing unilateral changes to faculty's terms and conditions of employment; by refusing to recognize the faculty's collective bargaining representative and refusing to meet and bargain with the Unions over terms and conditions of employment for bargaining unit faculty; and by threatening and surveilling faculty in relation to the exercise of rights guaranteed under the Act. *See* PERB Charge Rider ¶¶ 25, 39, 60–61; *see also* NYLL §§ 703, 704(1), (6), (10).

On May 5, SJU submitted its Answer to the AAUP-FA's ULP charge at PERB, in which SJU asserted that PERB's exercise of jurisdiction over the University violates the First Amendment. Hansen Decl. ¶ 7 & Ex. B. On the same date, the AAUP-FA and SJU appeared by video conference before PERB Director Joseph O'Donnell. During the conference, Director O'Donnell ordered SJU to submit by June 5, 2026 a brief to PERB in support of its position that PERB lacks jurisdiction over the University. Hansen Decl. ¶ 8.

On June 1, SJU sued the PERB Defendants in this Court seeking a declaration that PERB's exercise of jurisdiction over SJU violates the First Amendment as well as preliminary and permanent injunctive relief barring PERB from enforcing SERA against the University. *See* Compl. ¶ 12. In response to Director O'Donnell's May 5 order, SJU submitted to PERB on June 5 a copy of the June 1 memorandum and declarations filed in this Court in support of the University's motion for a preliminary injunction. *See* Hansen Decl. ¶ 9 & Ex. C. The Unions' April 13 Unfair Labor Practice charge remains pending at PERB.

## ARGUMENT

If this Court grants the declaratory and preliminary or permanent injunctive relief SJU seeks, it will extinguish AAUP-FA's collective bargaining rights and impair their members' rights to freedom of association and expression. For the reasons that follow, the AAUP-FA are entitled to intervene as of right in this action under Federal Rule of Civil Procedure Rule 24(a) to protect those interests. In the alternative, the Unions request that the Court grant their intervention under Rule 24(b).

I.    **The Unions are entitled to intervene as of right.**

Rule 24(a), which governs intervention as of right, provides in pertinent part:

> On timely motion, the court must permit anyone to intervene who . . . claims an
> interest relating to the property or transaction that is the subject of the action, and
> is so situated that disposing of the action may as a practical matter impair or

impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). "[T]o prevail on a motion for intervention as of right, a movant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *A.H. by E.H. v. New York State Dep't of Health*, 147 F.4th 270, 281 (2d Cir. 2025) (internal quotation marks omitted). "[A] failure to satisfy any one of these four requirements is a sufficient ground to deny the application." *Id.* (internal quotation marks omitted). The Unions meet each of these criteria.

### A. The AAUP-FA's motion is timely.

"The timeliness requirement is flexible and the decision is one entrusted to the district judge's sound discretion." *Id.* (internal quotation marks omitted). In this inquiry, a district court may consider the following factors: "(a) the length of time the applicant knew or should have known of its interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to the applicant if the motion is denied; and (d) the presence of unusual circumstances militating for or against a finding of timeliness." *Id.* (internal quotation marks omitted). "In most instances, a motion to intervene based on a claim that was known, but not acted upon, for a period of years would be untimely." *Kamdem-Ouaffo v. Pepsico, Inc.*, 314 F.R.D. 130, 135 (S.D.N.Y. 2016) (citing cases).

Here, the AAUP-FA seeks to intervene at the very outset of litigation, within days of learning of its existence. The PERB Defendants have not filed a pleading or a motion to dismiss under Rule 12. The Rule 26(f) conference has not occurred, so no discovery has commenced, and this Court has not ruled on any substantive issues. Moreover, while the Court has set a schedule on SJU's pending motion for a preliminary injunction, *see* ECF Docket Order, June 5, 2026, the

5

PERB Defendants' deadline to submit their response to that motion has not yet passed and the Unions will be able to join in complying with the briefing schedule. In short, because "this action is in its infancy," the Unions' participation "will not result in delay or prejudice" to any party. *Friends of E. Hampton Airport, Inc. v. FAA*, 2016 WL 792411, at *9 (E.D.N.Y. Feb. 29, 2016); *see also Bldg. & Realty Inst. of Westchester & Putnam Cntys., Inc. v. State of N.Y.,* 2020 WL 5658703, at *7 (S.D.N.Y. Sept. 23, 2020). In contrast, a finding against timeliness would prejudice the Unions, which filed this motion as quickly as possible.

**B.      The Unions have legally protectable interests in this action.**

An intervenor's alleged interest in the action must be "direct, substantial, and legally protectable." *Hamilton Rsrv. Bank Ltd. v. Democratic Socialist Republic of Sri Lanka*, 134 F.4th 73, 79 n.3 (2d Cir. 2025) (internal quotation marks omitted). "An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 129 (2d Cir. 2001) (internal quotation marks omitted).

"Rule 24(a)(2) does not require that the intervenor prove a property right, whether in the constitutional or any other sense." *Id.* at 130 (internal quotation marks omitted). Rather, individuals may have an interest sufficient for purposes of intervention as of right where they have a direct and substantial "economic interest" at stake in the litigation. *Id.* (quoting *New York Public Interest Research Group, Inc. v. Regents of the University of the State of New York,* 516 F.2d 350, 351–52 (2d Cir. 1975)). It is well established, moreover, that a party that is directly affected by a law has an interest in whether and how that law is enforced. *See, e.g., New York Pub. Interest Grp., Inc.*, 516 F.2d at 351.

6

Applying these principles, courts routinely hold that labor organizations have a protectable interest justifying intervention, including where businesses challenge the validity of laws benefiting workers that the unions represent. *See, e.g.*, *Golden Gate Rest. Ass'n v. City & County of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008) (union entitled to intervene to defend city health care ordinance against employers' preemption challenge). Indeed, even a labor organization's non-financial interests may be sufficient to support intervention. In *In re New York City Policing*, the Second Circuit concluded that a police union's interest in "the safety of front-line officers" was sufficient to support intervention in cases brought against the City, the police department, and officers alleging that the department had engaged in unconstitutional conduct during the summer of 2020. 27 F.4th 792, 796, 799–800 (2d Cir. 2022). The police union— defending officer safety—had a "protectable interest in the continuation or alteration of policies that" the plaintiffs had "alleged to be unlawful," and thus, the court reasoned, had an "interest in the outcome of the litigation." *Id.* at 800. Reflecting unions' straightforward interests in the continuation of statutory regimes guaranteeing its collective bargaining rights, a court in this District recently granted a labor organization's intervention as a defendant in a lawsuit challenging PERB's exercise of jurisdiction over private sector employees when the National Labor Relations Board lacks a quorum to act. *See Amazon.com Servs. LLC v. New York State Pub. Emp. Rels. Bd.*, No. 25-cv-5311 (EK), Docket Order, Oct. 22, 2025.

Here, the Unions have served as the exclusive bargaining representatives for SJU faculty and bargained collectively on those members' behalf with SJU for more than 50 years. The Unions and their constituent members have a protectable interest in their continued ability to bargain collectively with SJU over terms and conditions of employment, including concrete economic terms such as wages and healthcare, and to enforce their rights to collective bargaining

7

at PERB. In addition, the conduct underlying the AAUP-FA's pending Charge—SJU's alleged suppression of Union activity and threatening and surveillance of Union representatives for their participation in organizing activities—illustrates the harms to freedom of association and expression that the Unions face in the absence of PERB's protection. *See* PERB Charge Rider ¶¶ 44–62. In other words, the Unions have direct, significant, and legally "protectable interest[s] in the continuation" of a collective bargaining regime that SJU has "alleged to be unlawful." *In re New York City Policing*, 27 F.4th at 796. If "the Court were to invalidate" PERB's exercise of jurisdiction over SJU, then the Unions and their members would no longer receive the law's benefits and no longer be able to freely associate and express themselves. *See City of Syracuse, NY v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 2021 WL 1051625, at *6 (S.D.N.Y. Mar. 19, 2021).[3]

**C.     The Court's disposition of this action may impair the Unions' ability to protect their interests.**

Rule 24 additionally requires that an intervenor's "interest may be impaired by the disposition of the action." *Id.* at 799 (internal quotation marks omitted). "If an [applicant] would be substantially affected in a practical sense by the determination made in an action, [the applicant] should, as a general rule, be entitled to intervene." Fed. R. Civ. P. 24(a)(2), Advisory Committee Note to 1966 Amendment.

As described, SJU seeks a declaration that PERB's exercise of jurisdiction over SJU violates the First Amendment and preliminary and permanent injunctive relief barring PERB from enforcing SERA against the University. *See* Compl. ¶ 12. If the Court were to grant that

---

[3] It is not legally significant that AAUP-FA's members hold the economic interest in improved wages and other terms and conditions of employment. It is well established that labor organizations have associational standing to assert their members' interest if the members themselves would have standing, the members' interest is germane to the union's purposes, and neither the claim asserted nor relief requested require the participation of individual members in the action. *See Automobile Workers v. Brock,* 477 U.S. 274, 281-86 (1986).

8

relief, it would extinguish the collecting bargaining protections the law provides the Unions and, relatedly, would lead to the impairment of the members' own associational and expressive rights. *See In re New York City Policing*, 27 F.4th at 800–01; *Brennan*, 260 F.3d at 130.

**D.      The existing parties may not adequately protect the Unions' interests.**

Finally, intervention is warranted where "there is sufficient doubt about the adequacy of representation." *In re New York City Policing*, 27 F.4th at 803 (internal quotation marks omitted). It is not necessary that the applicant show that the existing parties will both behave detrimentally to the applicant's interest. Rather, this fourth requirement is satisfied where the applicant "shows that representation of his interest may be inadequate; and the burden of making that showing should be treated as minimal." *Id.* (internal quotation marks omitted). A prospective intervenor carries a greater burden, however, where there is "an identity of interest" with another party, and must in that case "rebut the presumption of adequate representation." *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179–80 (2d Cir. 2001); *In re Enf't Of Philippine Forfeiture Judgment*, 153 F.4th 142, 168 (2d Cir. 2025).

The AAUP-FA are not protected adequately by either SJU or by the PERB Defendants. SJU's interests are adverse to the AAUP-FA. And the PERB Defendants may not protect the AAUP-FA's interests adequately, either. PERB exercises jurisdiction over both public employers and over many private employers in New York State, including agricultural employers, charitable organizations, and other private employers not covered by the federal National Labor Relations Act or the Railway Labor Act. *See* NYLL § 701(3); N.Y. Civ. Serv. Law § 205(5). Its interest in continuing to exercise jurisdiction over private religious institutions is the abstract interest that it has in maintaining its jurisdictional reach in general. That "interest[] of the public at large" is "not the same as the narrow and parochial" interests that the AAUP-FA advance here.

9

*Californians For Safe & Competitive Dump Truck Transp. v. Mendonca*, 152 F.3d 1184, 1190 (9th Cir. 1998) (granting union's Rule 24(a) motion to intervene to defend a preemption challenge by dump truck companies to California's prevailing wage law providing wage protections to dump truck drivers on public projects).

As courts have recognized in these circumstances, the AAUP-FA "have a personal interest in the enforcement" of PERB's jurisdiction "that is more narrow than the [State's] general interest because they would be among the employees directly affected by the injunction" SJU seeks. *Golden Gate Rest. Ass'n v. City & Cnty. of San Francisco*, 2007 WL 1052820, at *4 (N.D. Cal. Apr. 5, 2007). That divergence means that the Unions alone represent their members' interests in freedom of association and expression and the economic toll that would result from losing their collective bargaining rights, that the Unions "will make a more vigorous presentation" of those issues than PERB, and that the Unions "should have an opportunity to protect their own interests." *New York Pub. Interest Grp., Inc. v. Regents of the Univ. of N.Y.,* 516 F.2d 350, 352 (2d Cir. 1975). In short, because the PERB Defendants and the Unions possess distinct interests and functions that "may not always dictate the same approach to the conduct of the litigation," the PERB defendants may not represent the Unions' interest adequately, and intervention is warranted. *Trbovich v. United Mine Workers*, 404 U.S. 528, 539 (1972).

## II.    Alternatively, permissive intervention should be granted.

In the alternative, the Court should permit the AAUP-FA to intervene under Rule 24(b), which authorizes "anyone to intervene who on a timely motion 'has a claim or defense that shares with the main action a common question of law or fact.'" *A.H. by E.H.*, 147 F.4th at 281 (quoting Fed. R. Civ. P. 24(b)(1)(B)). "It is well-established by district courts in the Second Circuit that the words 'claim or defense' are not read in a technical sense, but only require some

10

interest on the part of the applicant." *Hum. Servs. Council of New York v. City of New York*, 2022 WL 4585815, at *4 (S.D.N.Y. Sept. 29, 2022) (citing cases).

In exercising its discretion to permit intervention, a district court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights," Fed. R. Civ. P. 24(b)(3), which the Second Circuit has described as the "principal consideration" in the permissive-intervention analysis, *U. S. Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978); *see also Extenet Sys., LLC v. Vill. of Kings Point*, 2023 WL 4044076, at *1 (2d Cir. June 16, 2023) (summary order). Otherwise, "[s]ubstantially the same factors are considered in determining whether to grant an application for permissive intervention pursuant to Fed. R. Civ. P. 24(b)(2)" as under an application for intervention as of right under Rule 24(a)(2). *In re Bank of New York Derivative Litig.*, 320 F.3d 291, 300 n.5 (2d Cir. 2003). To the extent the Court determines that permissive intervention is "appropriate" under the more flexible "Rule 24(b)," it "need not determine whether intervention of right under Rule 24(a) is warranted." *Int'l Design Concepts, LLC v. Saks, Inc.*, 486 F. Supp. 2d 229 (S.D.N.Y. Mar. 27, 2007).

The AAUP-FA's defense of PERB's exercise of jurisdiction over SJU shares a common question of law with the existing action: whether that exercise of jurisdiction violates the First Amendment. There is, moreover, no risk that the Unions' intervention will cause undue delay or will prejudice any existing party since they have sought intervention at the outset of the litigation and are not requesting any delay in any briefing schedule, including on SJU's motion for a preliminary injunction, or alleging any additional claims. *See Brennan*, 579 F.2d at 191.

In the event the Court concludes that the Unions have failed to establish other factors relevant to the intervention-as-of-right analysis, permissive intervention should still be granted. "[C]ourts in this District routinely grant permissive intervention despite finding that an existing

11

party adequately represents the proposed intervenor's interest," particularly where "addition of the intervenors will assist in the just and equitable adjudication of any of the issues between the parties." *Hum. Servs. Council of New York*, 2022 WL 4585815, at *4 (collecting cases). Applying that principle, district courts in this Circuit routinely grant permissive intervention in circumstances like these in which labor or other member organizations seek to join governments in defending statutes that benefit the organization's members. *See, e.g.*, *id.* (granting labor organization intervention to join government in defending local labor law from preemption challenge); *Bldg. & Realty Inst. of Westchester*, 2020 WL 5658703, at *9 (granting tenant advocacy groups intervention to join in defending constitutionality of state rent control statute).

Here, the Complaint challenges as unconstitutional PERB's exercise of jurisdiction and application of SERA as applied to SJU. *See* Compl. ¶¶ 231–67. This challenge "requires an analysis of the facts of a particular case to determine whether the application of a statute, even one constitutional on its face, deprived the individual to whom it was applied of a protected right." *Field Day, LLC v. Cnty. of Suffolk*, 463 F.3d 167, 174 (2d Cir. 2006); *see also New Yorkers for Religious Liberty, Inc. v. City of New York*, 125 F.4th 319, 326–27 (2d Cir. 2025) (adjudicating as-applied Free Exercise and Establishment Clause claims). Given that fact-intensive inquiry, AAUP-FA's familiarity with both SJU's long history of collective bargaining and New York State's collective bargaining regime will benefit the Court in developing a complete factual record and adjudicating all relevant legal issues and arguments. Accordingly, the Court should exercise its discretion to grant the motion for permissive intervention.

## CONCLUSION

For the reasons stated, the Court should grant the Unions' motion for leave to intervene as a defendant.

Dated: New York, New York
      June 12, 2026

Respectfully submitted,

GLADSTEIN, REIF & MEGINNISS LLP

By:     s/ Katherine H. Hansen

Katherine H. Hansen
Kent Y. Hirozawa
39 Broadway, Suite 2430
New York, NY 10006
khansen@grmny.com
khirozawa@grmny.com
(212) 228-7727

Attorneys for Proposed Intervenors
The St. John's Chapter of the
American Association of University
Professors and the Faculty
Association at St. John's University

13